FILED
SUPERIOR COURT
OF GUAM

2024 JUN -4 PM 1:08

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                                  Plaintiff,<br><br>            vs.<br><br>CORINA JAMEL TAITINGFONG,<br>DOB: 03/09/1995<br><br>CLAYTON PANGELINAN TAITINGFONG<br>*aka:* Clayton Jay Pangelinan Taitingfong; Carl<br>John Taitingfong,<br>DOB: 01/07/1984<br><br>                          Defendants. | **CRIMINAL CASE NO. CF0024-24**<br>GPD Case Nos. 24-00901 / 24-00902<br><br><br><br>**DECISION AND ORDER** |

In this criminal felony proceeding, this Court reviews whether Guam law disqualifies the Honorable Alberto E. Tolentino from presiding over this case. Having reviewed the Objection and Amended Objection by Defendant Corina Taitingfong, the Answer filed by Judge Tolentino, and arguments by all parties, the Court determines that a reasonable person may possess a reasonable question concerning Judge Tolentino's impartiality, given the close link between Judge Tolentino and Attorney General Douglas Moylan. He is therefore disqualified from presiding.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

      **A.**     **The connection between Judge Tolentino and Attorney General Moylan**

It is undisputed that Judge Tolentino is the stepfather of Attorney General Moylan's

ORIGINAL


children. Judge Tolentino admits that during his tenure as a Magistrate Judge, he recused himself from cases involving Attorney General Moylan because they co-parented their children, who were minors at the time and living in Judge Tolentino's household. *See* Answer ¶ 9 (May 9, 2024).

By 2010, both of Judge Tolentino's stepchildren had reached adulthood, but Judge Tolentino continued to disqualify himself from Attorney Moylan's cases. *Id.* ¶ 6; Supp. Filing (May 30, 2024). The Court takes judicial notice that as recent as October 2022, Judge Tolentino disqualified himself from cases in which Attorney General Moylan appeared as a private attorney because "Douglas Moylan, Esq., is the father of my step-children." Supp. Filing, Exs. A-C. As a basis for his disqualification in 2022, Judge Tolentino cited 7 GCA § 6105(a)—the provision in which a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. *Id.*

Furthermore, "[i]t is undisputed that Judge Tolentino has a significant and continuing relationship with his stepchildren. It is also reasonable to infer that Judge Tolentino's wife and Attorney General Moylan likely have continuing interactions in order to co-parent their children." *People v. Aguon,* CM0145-21 (Dec. and Order at 7-8 (Apr. 5, 2024)). However, despite considering himself disqualified from cases involving Attorney Moylan just eighteen months ago due to their co-parenting relationship, Judge Tolentino believes that neither he, nor his wife of close to twenty years "are involved in any sense in co-parenting the children of [his wife and Attorney General Moylan's] marriage as the children have been raised and provided with protection and care to ensure their healthy development into adulthood and that they are in fact adults able to conduct and make their own decision in life." Answer ¶ 15.



### B.     Judge Tolentino's Involvement in this Case

The present matter initiated with the filing of criminal charges against the Defendants in January 2024, and the case assignment to Judge Tolentino shortly thereafter. However, it was not until April 17, 2024, that Judge Tolentino issued the following disclosure from the bench:

> The court will disclose to [Attorney Darlene] Hiton and Miss Corina [Taitingfong] . . . that the court will give notice of potential disqualifying facts for its continued participation in this case. Attorney General Douglas Moylan is the father–biological father–of the court's step-children–to my step-children. The court will ask the parties . . . that if they object to my participation in this case, that it be done within 14 days of today, of the disclosure. And this is pursuant to another case which had found that there may have been a conflict of interest . . . despite the fact that Mr. Moylan is not personally prosecuting the case [or] appearing as a party . . . .

Hr'g at 11:29:06 - 11:30:07 (Apr. 17, 2024).

Judge Tolentino's disclosure followed a ruling in another criminal case holding that he was disqualified from sitting because of his relationship with Attorney General Moylan. *See Aguon*, CM0145-21 (Dec. and Order). In issuing this ruling, the court held that "a reasonable person could question whether Judge Tolentino could be impartial in a case proceeding at the direction of Attorney General Moylan." *Id.* at 8.

Subsequent to Judge Tolentino's oral disclosure, Taitingfong filed an Objection. Judge Tolentino answered the Objection and denied grounds existed to disqualify him. *See* Answer. Judge Tolentino cited a meeting between himself, Attorney General Moylan, and the Clerk of Court—occurring shortly after Attorney General Moylan was elected—in which they determined there was no longer a conflict due to the children now being adults. *Id.* ¶¶ 13, 14. Judge Tolentino also stated that considering all the facts, a reasonable person would not have a reasonable question regarding his impartiality. *Id.* ¶¶ 21, 22. Finally, Judge Tolentino indicated he was not personally served with the unverified Objection, though he did not strike the Objection due to any defect. *Id.* ¶¶ 17, 19.


ORIGINAL

Taitingfong filed an Amended Objection, which included a verification by her attorney. Taitingfong also advised the Court that she personally served her Amended Objection on Judge Tolentino. Def.'s Resp. (May 21, 2024).

The Clerk of Court assigned a review of this issue to the undersigned Judge. The Court held oral arguments on May 24, 2024. During the hearing,[1] Taitingfong pointed out that Judge Tolentino's Answer cited section 6105(a) as requiring his disclosure: "at a Further Proceedings hearing on April 17, 2024, I made an oral disclosure of potential disqualifying facts as *required by* 7 GCA § 6105." *See* Answer ¶ 3 (emphasis added). According to Taitingfong, by referencing that provision as the basis for his disclosure, Judge Tolentino's Answer could be construed that he conceded to an automatic disqualification. Further, Taitingfong argues that the process of reviewing the grounds for Judge Tolentino's disqualification was unnecessary because she did not consent to his continued role in this case.

Taitingfong also offered to demonstrate that Judge Tolentino disqualified himself from cases involving Moylan as a private attorney after his step-children became adults. In a supplemental filing, Taitingfong provided 7 GCA § 6106 Memoranda and minute entries from roughly 37 cases spanning from 2014 to 2022 in which Judge Tolentino disqualified himself from presiding over cases involving Moylan as a private attorney. Supp. Filing, Exs. A-LL. In none of those cases did Judge Tolentino offer the parties the opportunity to waive the conflict. *Id.*

---

[1] Taitingfong's co-Defendant took the position that Judge Tolentino did not have a conflict of interest, while Deputy Attorney General Gloria Rudolph agreed with Taitingfong that Judge Tolentino was disqualified.


ORIGINAL

## II.   THERE IS A REASONABLE QUESTION REGARDING JUDGE TOLENTINO'S IMPARTIALITY.

This case poses the question of whether a reasonable person would have a reasonable question about Judge Tolentino's impartiality, given that Attorney General Moylan's children are the judge's step-children. If a reasonable person has a reasonable basis for questioning a judge's impartiality in a certain case, that judge is disqualified from presiding over that case. 7 GCA § 6105(a). A court reviewing a disqualification issue should consider all relevant facts, including the realities of the Guam judicial system and the nature of Guam families. *Van Dox. v. Super. Ct.*, 2008 Guam 7 ¶ 32; *Ada v. Gutierrez*, 2000 Guam 22 ¶¶ 12-13. "[N]o actual showing of bias is necessary for recusal to lie." *Dizon v. Super. Ct.*, 1998 Guam 3 ¶ 8. Instead, the court must focus on the *appearance* of bias. *People v. Tennessen*, 2010 Guam 12 ¶ 33.

Judge Tolentino and Attorney General Moylan's relationship is not a straightforward familial one. In a formal ethics opinion, the American Bar Association classified an ex-spouse relationship as a "close personal relationship" and one that warrants disclosure. ABA Formal Op. 488[2] at 6 (Sept. 5, 2019).[3] Similarly, the New York Advisory Committee on Judicial Ethics has examined a "close personal relationship" as a basis for disqualification and describes it as "one where the judge and the attorney share intimate aspects of their personal lives. For example, where the judge, the attorney, and/or members of their immediate families share confidences, . . . celebrate significant events in each other's lives and/or share interests that are important to them

---

[2] Available at https://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/ethics-opinions/aba-formal-opinion-488.pdf.

[3] Guam law requires judges to abide by the ABA's Canon of Judicial Ethics. 7 GCA § 6103. Canon 2 directs a judge to act impartially, and Rule 2.11 under that Canon (similar to 7 GCA § 6105(a)) advises that a judge shall disqualify himself in a proceeding in which the judge's impartiality might reasonably be questioned. ABA Formal Opinion 488 discusses Rule 2.11.



personally." N.Y. Jud. Adv. Op. 11-125, 2011 WL 8333125 *4 (Oct. 27, 2011). "In these circumstances involving close personal relationships, the judge must disqualify him/herself when the attorney appears before the judge." *Id.* *5. Also, as another New York judicial ethics opinion found, when an ex-spouse appears as an attorney before the judge, there must be continued disclosure of an ex-spouse relationship even when financial obligations resulting from a divorce have been discharged. N.Y. Jud. Adv. Op. 12-36 (Mar. 8, 2012).[4]

This definition of a close personal relationship gives context to the connection between Judge Tolentino and Attorney General Moylan. Through their children/step-children, Judge Tolentino and Attorney General Moylan retain intimate aspects of their personal lives in common beyond the co-parenting years. A reasonable person, for example, would presume that Judge Tolentino and Attorney General Moylan continue to share in celebrations of the milestones of their adult children and be privy to important interests and developments in their children's lives.[5] As noted above, the court in *Aguon* reached this same conclusion. Most importantly, through 2022, Judge Tolentino himself conceded that the relationship raised a reasonable question about his impartiality—a conflict he did not consider waivable.

The Court further addresses Judge Tolentino's statement from the bench that Attorney General Moylan does not personally prosecute this case, acts as a supervisor, and has not appeared before him for this case. Judge Tolentino did not elaborate on this point in his Answer, but this particular issue is important because Attorney General Moylan's transition from a private

---

[4] Available at nycourts.gov/ipjudicialethicsopinions/12-36.htm.

[5] For example, the Court does not find it speculative to assume that, in line with Guam's family culture, Judge Tolentino and Attorney General Moylan attend and participate in the same special occasions such as weddings, birthdays, births, and other significant events impacting the lives of their children and their children's families.


ORIGINAL

attorney to the Attorney General of Guam appears to be the only difference between 2022 and today. At the hearing, Deputy Attorney General Gloria Rudolph clarified that Attorney General Moylan is consulted on general case strategy and plea agreements and that it would be incorrect to say that he is not personally involved in this case. The Court also notes Ms. Rudolph's position as the Acting Chief Prosecutor, making her directly subject to Attorney General Moylan's supervision. In *People v. Santos*, 2018 Guam 12, the Guam Supreme Court addressed a similar situation in which a trial judge was related within the third degree to the Chief Prosecutor. The court expressed concerns about the challenges of constructing an ethical wall to shield the supervising attorney from being involved in criminal cases before the disqualified judge. *Id.* ¶ 14. Those same concerns are present here, as the Acting Chief Prosecutor is directly involved in these proceedings and admits to Attorney General Moylan's involvement in case strategy. For this reason, the Court finds that the lack of Attorney General Moylan's personal appearance in this case thus far does not absolve Judge Tolentino of disqualification.

Next, the Court examines the impact of Attorney General Moylan's post-election agreement with Judge Tolentino that a conflict no longer existed. Even if this agreement could be construed as a conflict waiver by Attorney General Moylan, it does not bind non-parties to this agreement. To the contrary, Taitingfong raises a fair point that no defense counsel weighed in on the existence of a conflict of interest, further reinforcing the appearance of Attorney General Moylan's privileged access to Judge Tolentino.

In conclusion, Guam law requires judges to avoid the appearance of impropriety in performing their duties. 7 GCA § 6105. As part of this obligation, judges must consider both the actual and perceived effects of their relationship with attorneys appearing before them. *In re Arthur U. San Agustin*, WRP23-002 (Order at 17 (Dec. 5, 2023) ("An appearance of partiality


ORIGINAL

can be created even though no actual partiality exists."). As the court in *Aguon* stated, while there may be "no evidence that Judge Tolentino was actually biased in this case, . . . the Court is concerned about the appearance of bias. . . .Again, the Court does not suggest that Judge Tolentino actually *was not* impartial—only that a reasonable person might find the situation troubling." CM0145-20 (Dec. and Order at 7-8). Because of a reasonable perception that Judge Tolentino continues a co-parental connection with Attorney General Moylan despite the maturation of their mutual children, he is disqualified, and such disqualification has not been waived nor can be cured retroactively through an ethical wall.

## III. SECTION 6105 DICTATED THE CORRECT DISQUALIFICATION PROCESS.

Guam law provides several paths to raise the issue of a judge's disqualification. Under the most direct approach, 7 GCA § 6105 allows a judge to declare grounds for disqualification and recuse or allow the parties to waive the conflict. As discussed above, section 6105(a) specifically applies to proceedings in which the judge's impartiality might reasonably be questioned. This is the process Judge Tolentino employed through 2022.

Section 6107 offers an alternate route should a judge neglect or fail to declare his disqualification. Under this situation, a party may file a written, verified statement objecting to the judge and must personally serve the judge with the statement. 7 GCA § 6107. In response to the objection, the judge may admit the allegations and recuse or deny the allegations, to which another judge determines the issue of the judge's disqualification. This is the process Judge Tolentino has now adopted.

In this case, the Court having determined that section 6105(a) disqualifies Judge Tolentino, pursuant to that section, he may continue to sit on this case only if a party has waived the conflict of interest. Taitingfong clearly does not waive the conflict; thus, the matter must be



reassigned.

But this does not end the Court's analysis relative to the disclosure and disqualification process employed here because of Judge Tolentino's use of section 6107 rather than 6105, which confused the parties. Judge Tolentino's Answer declared that section 6105 mandated his disclosure, but he still took the position that he was not disqualified. This Court agrees that Judge Tolentino's reference to section 6105 being mandatory implies that if he wanted to remain on the case, he should have sought waivers under that section rather than require the parties to file objections. Instead, Judge Tolentino's oral disclosure and written Answer invoked the process for objecting to a trial judge under section 6107. Further, Judge Tolentino's Answer suggests that this Court strike Taitingfong's Objection for being insufficient and improperly served in violation of section 6107.[6]

Again, *Santos* settles the issue and outlines the proper procedure. The Guam Supreme Court made clear in *Santos* that when section 6105 applies, the judge "must disqualify herself and seek the agreement of the parties in order to sit in the proceedings." 2018 Guam 12 ¶ 16. Like the trial judge's notice in *Santos,* Judge Tolentino's notice "appears to be improper because it places the onus on the parties to *object . . . .*" *Id.* Because Judge Tolentino's impartiality might reasonably be questioned, pursuant to section 6105(a), Taitingfong should have been asked for a waiver. Moreover, the onus was not on her to object, though she properly filed an objection because she was directed to do so in order to present her position on the disqualification issue.

For these reasons, the sufficiency of her Objection and the service thereof is of no

---

[6] Judge Tolentino had the power to strike the Objection, which he did not exercise. *See People v. Johnny*, 2006 Guam 10 ¶ 20. Had he struck the Objection, section 6107 would not have been invoked and Taitingfong would have been required to seek a writ of prohibition. *Id.* ¶ 21.



consequence as she was not required to object in the first place. Moreover, even if she was required to invoke the process under section 6107, this Court also finds that Taitingfong cured any defects in service and sufficiency when she amended the Objection and effectuated personal service.

In conclusion, section 6105(a) provided the only necessary procedure in this instance.

## IV.    <u>CONCLUSION AND ORDER</u>

This Court determines Judge Tolentino is disqualified from presiding over this matter.

The Court returns this case to the Clerk of Court.

**SO ORDERED, 4 June 2024.**



**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Deputy Attorney General Gloria Rudolph, Office of the Attorney General, for the People of
    Guam
Darleen E. Hiton, Esq., The Law Offices of Phillips & Bordallo, for Defendant Corina Jamel
    Taitingfong
Assistant Public Defender Earl Espiritu, Esq., Public Defender Service Corporation, for
    Defendant Clayton P. Taitingfong

ORIGINAL